**UNITED STATES of America Plaintiff**

v.

**Quester STERLING SUAREZ Defendant**

**No. CR. 02–117(PG).**

United States District Court, D. Puerto Rico.

Nov. 22, 2002.

---

Steve Potolsky, International Place, Miami, FL, Gustavo A. Del–Toro–Bermudez, San Juan, PR, for Lorenzo Catalan–Roman (1), defendant.

Joseph C. Laws, Juan F. Matos–De–Juan, Federal Public Defender's Office, San Juan, PR, for Quester Sterling–Suarez (2), defendant.

## ORDER APPOINTING LEARNED COUNSEL

PEREZ–GIMENEZ, District Judge.

On October 9, 2002, the United States Court of Appeals for the First Circuit ordered this Court to appoint learned counsel to defendant who has been indicted for a capital crime. *See In re Quester Sterling–Suárez* 306 F.3d 1170 (1st Cir.2002).

The Court, thus, hereby appoints the Federal Public Defender for this District as learned counsel.

■ During the proceedings in this matter before the Court of Appeals, counsel for defendant represented that the Federal Public Defender's office does not have any attorney who qualifies as learned counsel. *See id.* at 1172. A review of applicable statutes and local rules, however, lead this Court to conclude otherwise.

Title 18 U.S.C. § 3005 provides in relevant part:

**Counsel and witnesses in capital cases.** Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, *of whom at least 1 shall be learned in the law applicable to capital cases,* and who shall have free access to the accused at all reasonable hours. (Emphasis added).

Local Rule 428(3) in turn provides:

**Counsel in Capital Cases.** Due to the complex, demanding, and protracted nature of death penalty proceedings, a defendant who is or has become financially unable to obtain adequate representation and who applies for appointment of counsel at government expense shall be entitled to the assignment of two attorneys who meet the qualifications set forth in this Rule. *At least one of the attorneys appointed to such a defendant shall be learned in the law applicable to capital cases,* and, when applicable, qualified as required by 21 U.S.C. §§ 848(q)(5) or 848(q)(6).[1] The presid-

---

1. Title 21 U.S.C. § 8848(q)(5) provides:
   If the appointment [in a death penalty eligible case] is made before judgment, at least one attorney so appointed must have been admitted to practice in the court in which the prosecution is to be tried for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court.

ing Judge shall appoint separate teams of counsel for each defendant, one of whom shall be designated Lead Counsel, and the other, or others, Assistant Counsel. (Emphasis added).

Local Rule 428(4) further provides:

**Qualifications of Attorneys: Lead Counsel.** To be eligible for an appointment as Lead Counsel in a capital case, an attorney must:

(A) be a member of the bar of this Court, or be admitted to practice pro hac vice on the basis of his or her qualifications;

(B) have at least five years experience in the field of federal criminal practice;

(C) *have prior experience, within the last three years, as defense counsel in the trial of no fewer than three serious and complex felony cases that were tried to completion in federal court, and have prior experience, within the last three years, as defense counsel in a capital case;* and

(D) *have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to the defense of capital cases.* (Emphasis added).

In the case before the Court the Federal Public Defender himself, attorney Joseph C. Laws, unquestionably meets all the criteria necessary for appointment as learned counsel. Mr. Laws, who is currently serving his second term as Federal Public Defender has been a practicing criminal attorney before this Court since 1980, when he was appointed Assistant Federal Public Defender, position he occupied until 1988. Subsequently, in private practice he continued to represent numerous criminal defendants until his appointment as Federal Public Defender in 1997.[2]

Mr. Laws is certainly "learned in the law applicable to capital cases". Throughout his many years of practice before this Court he has, as lead counsel, tried before a jury numerous serious and complex felony cases. He also has prior experience as co-counsel in at least three cases before this Court where the death penalty has been sought. Although ultimately the defendants in these cases have all entered guilty pleas, Mr. Laws, in the process, has become knowledgeable about the important nature of capital pretrial litigation as well as the scope of mitigation investigation. More so, Mr. Laws has attended several national seminars on death penalty practice.

This Court has not been able to find any federal appellate court guidance on the precise definition of "learned counsel". However, the American Bar Association provides the following qualifications for counsel to be learned in the law of capital cases:

A. Lead trial counsel assignments should be distributed to attorneys who:

i. are members of the bar admitted to practice in the jurisdiction or admitted to practice *pro hac vice;* and

ii. are experienced and active trial practitioners with at least five years liti-

---

Section 848(q)(6) mirrors the above provision, however, is applicable to appointments made following a judgment for purposes of appeal. The present prosecution arises under 18 U.S.C. § 924(c)(1)(A)(iii), 924(j) and 1951(a). Hence Sections 848(q)(5) and (q)(6) are inapplicable to the instant case.

**2.** For a brief biographical background of Mr. Laws *see Defender of the Accused,* From the Bar—the Federal Bar Association Newsletter, Puerto Rico Chapter, Issue No. 15 at page 9 (Spring 1997) (stating that "[Mr. Laws] is highly admired by his colleagues for his never ending enthusiasm and zealous devotion to all criminal defendants, whether they be charged with the most petty offense or with the most serious crime").

gation experience in the field of criminal defense; and

iii. have prior experience as lead counsel in no fewer than nine jury trials of serious and complex cases which were tried to completion, *as well as prior experience as lead counsel or co-counsel in at least one case in which the death penalty was sought.* In addition, of the nine jury trials which were tried to completion, the attorney should have been lead counsel in at least three cases in which the charge was murder or aggravated murder; or alternatively, of the nine jury trials, at least one was a murder or aggravated murder trial and an additional five were felony jury trials; and

iv. are familiar with the practice and procedure of the criminal courts of the jurisdiction; and

v. are familiar with and experienced in the utilization of expert witnesses and evidence, including, but not limited to, psychiatric and forensic evidence; and

vi. have attended and successfully completed, within one year of their appointment, a training or educational program on criminal advocacy which focused on the trial of cases in which the death penalty is ought; and

vii. have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital cases. (Emphasis added).

ABA, *Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases,* Guideline 5.1. (February 1989).

By far, attorney Law complies with all the ABA's requirements for appointment as "learned counsel". In turn, he also complies with the requirement set forth in 18 U.S.C. § 3005 and Local Rule 428(3). The Court also notes that Local Rule 428(4), providing the requirements for counsel to qualify as learned counsel requires "prior experience, within the last three years, as defense counsel in a capital case". Said Rule does not require that the capital case in which counsel has served as counsel ultimately went to trial. Again, the Court notes that a death penalty case ending in a guilty plea requires as much preparation as one which is tried.

In sum, the Court concludes that Federal Public Defender Joseph C. Laws is qualified to be appointed as "learned counsel" in a capital case in this District. His vast federal criminal experience of more than two decades, and his exemplary commitment to representing criminal defendants as court-appointed counsel as witnessed by the undersigned, place him in this distinct group of attorneys. In addition, the Federal Public Defender Office has the necessary resources to assist Mr. Laws in the preparation of the accused's defense during all stages of the proceedings. He is therefore **APPOINTED** as learned counsel for defendant.[3]

---

**3.** The Court also notes that attorney Laws is not the only member of the Federal Public Defender staff who qualifies as "learned counsel". Attorney Héctor Guzmán, an Assistant Federal Public Defender, formerly practiced criminal law in Oregon state courts, and was counsel in more than one death penalty trial. The Court, however, following the Guide to Judiciary Policies and Procedures, has appointed the Federal Public Defender and not one of his individual assistants. *See* Vol VII *Guide to Judiciary Policies and Proce-*

dures, Chapter IV (Defender Organizations) § 404. *But see* ABA, *Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases,* Commentary to Guidelines 5.1 (providing that "the resources and experience of an office as a whole may be considered as one factor in determining the qualification of the individual attorneys within that office, but cannot substitute for the personal qualifications of the individual attorneys actually handling death penalty cases").

In addition, the Court also **AP-POINTS** attorney David W. Román as assistant counsel. Mr. Román meets all the qualifications set forth in Local Rule 428(5), to wit:

**Qualifications of Attorneys: Assistant Counsel.** To be eligible for appointment as Assistant Counsel in a capital case, an attorney must:

(A) be a member of the bar of this Court, or be admitted to practice pro hac vice on the basis of his or her qualifications;

(B) have at least five years experience in the field of federal criminal practice;

(C) have prior experience as defense counsel demonstrating adequate proficiency in connection with serious and complex felony cases; and

(D) have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to the defense of capital cases.

Furthermore, Mr. Román has also appeared before the undersigned on numerous occasions, also demonstrating commitment and dedication to representing indigent criminal defendants.

**SO ORDERED.**